## Winters v. Williamsport Area School District

*Richard A. Gray*, for appellant.
*Nathan W. Stuart*, for appellee.

GREEVY, *P.J.*, September 1, 1977—Karen Crispell Winters, a tenured teacher employed by the Williamsport Area School District, has appealed from a decision of the board of directors of said school district pursuant to section 7 of the Local Agency Law of December 2, 1968, P.L. 1133, 53 P.S. §11307.

The facts governing this appeal are set forth at length in the stipulation entered by counsel and are incorporated herein by reference. Briefly, appellant requested and was granted a leave of absence for health reasons on November 16, 1976. The leave was granted without pay "for a period not to exceed twelve months, effective November 9, 1976." Anticipating appellant's absence for the remainder of the 1976-77 school year, the school district hired a long-term substitute teacher and assigned another to appellant's classes. In January 1977, appellant decided she would be able to resume her teaching duties and so informed the school district's assistant superintendent for personnel, by personal conference and by letter. A formal request for a return to her teaching duties was directed by appellant to

the board of directors in a letter dated February 23, 1977. On March 1, 1977, appellant's request for termination of her leave of absence and an immediate return to teaching was denied by the board of directors. By her appeal filed March 30, 1977, appellant seeks immediate reinstatement to her teaching position and an award of back pay and benefits retroactive to February 1, 1977.

There are no statutory or contractual requirements or rules and regulations governing such a leave and the grant or denial of the request was within the sound discretion of the school district. See paragraph 15 of the stipulation.

The only issue in this case is the proper interpretation of the phrase "not to exceed twelve months." The words "not to exceed" are ordinary, commonly used words and must be given their normal meaning and an ordinary, common sense interpretation. "To exceed" means to go beyond a limit: "not to exceed" is but a term of maximum limitation only, indicating merely a period of time beyond which the parties may not go without breaching the terms of the leave. When time is spoken of, any act is within the time named that does not extend beyond it. The term "not to exceed" does not mean that the leave of absence granted appellant must last 12 months and not a day more or a day less. Neither does it mean, however, that at any time within the 12-month period the school district is bound to terminate the leave upon appellant's request. Absent any guidelines either in the parties' contract or in appellee's rules and regulations, the court will not interfere with a matter that the parties have agreed was within the sound discretion of the school district. All that appellee is obligated to do under the terms

of the leave is to re-employ appellant on or before November 9, 1977.

Accordingly, we enter the following

## ORDER

And now, September 1, 1977, the appeal of Karen C. Winters is denied and the petition for appeal is dismissed. The parties to pay their own costs.